**GRANVILLE HOUSE, INC., Appellant,**

v.

**The DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Arthur E. Noot, as Commissioner of Public Welfare for the State of Minnesota, Appellees.**

**No. 85–5395.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1986.

Decided July 18, 1986.

Jay T. Hartman, Minneapolis, Minn., for appellant.

Carolyn Cozad Hughes, Chicago, Ill., for appellees.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BATTEY,* District Judge.

HEANEY, Circuit Judge.

Granville House, Inc. seeks to recover attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, relying on the "common fund" theory, and on their assertion that the government's position throughout this litigation was not "substantially justified." The district court rejected Granville's contentions and this appeal followed. Because we agree that the government's position was not substantially justified, we reverse.

## BACKGROUND

This litigation to resolve Granville's medicaid eligibility has been in the courts for six years. It has already reached this Court twice on the merits, *see Granville House, Inc. v. HHS,* 715 F.2d 1292 (8th Cir.1983), and *Granville House, Inc. v.*

---

* The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

*HEW*, 772 F.2d 451 (8th Cir.1985), and is now here on a motion for attorneys' fees.

Granville, a nonprofit Minnesota corporation, operates three residential chemical dependency treatment centers, and has as its primary purpose the service of indigent clients. In the late 1970's it sought medicaid funds under 42 U.S.C. §§ 1396 *et seq.* Granville was denied medicaid because the United States Department of Health and Human Services (HHS) had classified Granville's facilities as Institutions for Mental Diseases (IMD), and IMDs are not eligible for medicaid reimbursement. HHS had adopted the World Health Organization's classification of alcoholism and chemical dependency as mental diseases in an internal document, FSIIS FY–76–44, without investigation, study, or promulgation of rules.

Granville disagreed with the HHS decision and commenced this action. In *Granville House, Inc. v. HHS*, 550 F.Supp. 628, 636 (D.Minn.1982), the district court ruled that HHS's classification of alcoholism as a mental disease was arbitrary and capricious. The government appealed. We held that HHS had not adequately considered the issue before it denied benefits, but decided that the district court had acted prematurely in granting them because there had been no final decision by HHS. We then remanded the matter to the district court, with directions to remand to the HHS Grant Appeals Board, to make a determination as to whether otherwise eligible residents of Granville's facilities are eligible for medicaid. *Granville*, 715 F.2d at 1304.

On remand, the Grant Appeals Board held that the HHS guidelines were inadequate to determine whether a facility treating patients with alcoholism was eligible for benefits. It held that HHS could not reasonably deny medicaid benefits to Granville pending the establishment of specific rules or guidelines.

The district court then ordered HHS to promulgate specific rules and standards, pursuant to the notice and comment rulemaking procedures of 5 U.S.C. § 553(b)–(e). It also enjoined HHS from denying funding to Granville or similar institutions pending promulgation of the rules.

HHS again appealed to this Court. It objected to the district court's order requiring it to promulgate rules pursuant to notice and comment rulemaking procedures, arguing that the contemplated rules would be interpretative, and therefore exempt from the notice and comment requirement. It also objected to the broadness of the injunction. At oral argument, HHS informed this Court that until it took additional action on the issue, Granville would continue to receive medicaid funds for eligible patients.

We agreed that while a notice and comment procedure would be preferable, the rules could be established without following that path. We emphasized, however, that prompt action should be taken. We further agreed that the injunction was too broad. *Granville*, 772 F.2d at 457. HHS has not yet issued the called for rules. Granville continues to receive medicaid benefits for eligible persons.

On March 7, 1985, Granville filed an application for attorneys' fees with the district court. Jay Hartman requested compensation for 363.93 hours of work at $220 per hour.[1] Hartman's request totals $80,065, plus $2,015.29 in expenses. Warren Eustis requested compensation for 2075 hours, at the same rate, totaling $80,064, plus $932.40 in expenses. The district court denied the request, holding that the "common fund" theory was inapplicable and that the government's position was substantially justified.

### DISCUSSION

#### I. *Prevailing Party*

▮ Initially, we hold that Granville is a prevailing party. It has achieved at least

---

1. The application did not indicate an hourly rate. We assume he wanted the same rate that

Eustis requested.

two goals which are important to it and which are of potential importance to similar institutions offering treatment to alcoholics. First, HHS has been required to develop specific regulations with respect to the payment of medicaid benefits to indigent alcoholics who are being treated at Granville. Second, HHS has stated that benefits will continue to be paid to Granville pending the final publication of those regulations. Granville was not fully successful, however, in either its first or second appeal to this Court in that it did not obtain a definitive court order requiring that benefits be paid to it for treatment of indigent alcoholics as a matter of entitlement.

## II. *Common Fund*

■ Granville claims that it is entitled to attorneys' fees under 28 U.S.C. § 2412(b). Under that section, a party must demonstrate that it is a "prevailing party" and that it has a common law right to attorneys' fees. Here, the asserted common law right is based on the common fund theory. Under this theory, a litigant who creates, increases, or protects a fund, to the benefit of nonparties, is entitled to receive attorneys' fees from that fund. The class of beneficiaries, however, must be small in number, and readily identifiable, so that the cost of litigation can be shifted to the beneficiaries. *Alyeska Pipeline Service Co. v. The Wilderness Society*, 421 U.S. 240, 265 n. 39, 95 S.Ct. 1612, 1626 n. 39, 44 L.Ed.2d 141 (1975). Here, the class of beneficiaries is large and unidentifiable and thus the common fund theory is inapplicable.

## III. *Substantial Justification*

■ Granville also argues that it is entitled to an attorneys' fee award under 28 U.S.C. § 2412(d), which specifically authorizes an award to a prevailing party when the position of the United States was not substantially justified. We agree with Granville that HHS's position was not substantially justified, and thus authorize an attorneys' fee award.

· The test of whether or not a government action is substantially justified is one of reasonableness. Where the government can show that its case had a reasonable basis in law and in fact, no award will be made. *U.S. v. 341.45 Acres of Land, St. Louis County, Minn.*, 751 F.2d 924, 940 (8th Cir.1984).

Here, the government's characterization of alcoholism as a mental disease, without thoroughly researching the issue, was unreasonable. It is clear that HHS gave almost no consideration to the issue when it adopted the World Health Organization's view. It did not conduct evidentiary hearings, it did not write either formal or informal comments, and the classification decision was made at the lower levels of the agency without a reasoned analysis in support thereof. An order from this Court was required before HHS initiated a comprehensive study of the question.

■ The district court characterized HHS's conduct as arbitrary and capricious, and we have found no reason to disagree with that finding. "Agency action found to be arbitrary and capricious or unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act. Only the most extraordinary special circumstances could permit such an action to be found to be substantially justified under the Act." H.R.Rep. No. 120, 99th Cong., 1st Sess. 9–10, *reprinted in* 1985 U.S. Code Cong. & Admin. News 132–138 (August pamphlet). We find no extraordinary special circumstances here that would permit us to find the government's position substantially justified even though the district court found it arbitrary and capricious.

## IV. *The Award*

In our judgment, Granville is entitled to attorneys' fees for work spent on the issues on which it prevailed, including hours spent in adversary adjudication at the administrative level. *See Cornella v. Schweiker*, 728 F.2d 978, 988 (8th Cir.1984). While it is difficult to precisely determine the dividing line between effort expended on issues on which it prevailed and on those that it did not, on the basis of the record as a whole we believe that about

one-half of the time that they spent was, subject to the exceptions listed below, on prevailing issues.

After carefully reviewing the requests for fees and expenses, we calculated the proper award for Hartman, but were unable to do the same for Eustis because his request is not fully documented. Hartman requests compensation for 363.93 hours. We hold that he is not entitled to compensation for the fifteen hours of work which could have been done by support staff. We further find that he reasonably expended 174.46 hours on issues on which Granville prevailed and that he should be compensated for those hours at the rate of $75, for a total of $13,084, and that he should be allowed expenses in the sum of $2,015.29. We remand Eustis's request for fees and expenses to the district court with directions to it to compute the fee on the same basis that we have computed Hartman's fee, being careful to disallow duplicative hours. He should be allowed $932.40 in expenses.

Reversed and remanded. Each party will bear its own costs relating to this appeal.